ROBERT McMILLAN, PLAINTIFF IN ERROR, V. JOSEPH MALLOY, DEFENDANT IN ERROR.

1. **Contract:** PART PERFORMANCE. One Malloy entered into a contract with one McMillan to thresh his entire crop of wheat and oats at forty cents per acre. After threshing about one-third of the crop he refused to thresh the remainder, and after the time limited for the completion of the contract brought an action to recover the value of his services. *Held,* 1st, that the entirety of the contract having been severed by part performance, beneficial to the employer, the employee was entitled to recover the value of his labor over and above the damages sustained by a breach of the contract. 2d, When a contract has been established, the measure of recovery in such case is the price agreed upon in the contract less the damages sustained by the employer by the breach of the same.

2. **Bill of Exceptions.** Where testimony is offered and excluded, the bill of exceptions must set forth the testimony thus offered and rejected.

McMillan v. Malloy.

ERROR to the district court of Saunders county.
Tried below before POST, J.

*E. F. Gray*, for plaintiff in error, cited 7 Wait's
Actions and Defenses, 358.    *Harris v. Rathbon*, 2
Abb., 326.    *Glacius v. Black*, 50 N. Y., 145.    *Smith
v. Brady*, 17 N. Y., 173.    *Allen v. Curles*, 6 O.
S., 505.    *Larkin v. Buck*, 11 O. S., 561.    *Witherow v.
Witherow*, 16 Ohio, 238.    *Olmstead v. Beale*, 19 Pick.,
528.    *Miller v. Goddard*, 34 Me., 102.    *Badgley v. Heald*,
4 Gillman, Ill., 64.    *Hansell v. Erickson*, 28 Ill., 257.
*Decamp v. Stevens*, 4 Blackford, 24.    *Hayward v. Leon-
ard*, 7 Pick., 180.    *Bishop v. Price*, 24 Wis., 480.

*Reese & Gilkeson*, for defendant in error, cited *Mc-
Donald v. Montague*, 30 Vt., 357.    *Kinney v. Sprague*,
3 Ind., 59.    *Britton v. Turner*, 6 N. H., 481.    *Fenton v.
Clarke*, 11 Vt., 560.    Maxwell's Justice Practice, 489.

MAXWELL, CH. J.

Malloy sued McMillan in the county court of Saun-
ders county, and recovered the sum of $4.70 and costs.
McMillan appealed to the district court, where judg-
ment was rendered against him for the sum of $30
and costs.    He brings the cause into this court by pe-
tition in error.    The petition of the plaintiff in the
court below alleges—*first*, that there is a balance due
him from the defendant of the sum of $4.62, for
threshing grain in 1876 ; *second*, that there is due him
from the defendant the sum of $40.08, for threshing
wheat in 1878.

To this petition the defendant filed an answer in
which he denied the facts stated in the first count of
the petition; *second*, alleged that the threshing done in
the year 1878 was performed under a contract between

the plaintiff and defendant, that the plaintiff should thresh all the defendant's grain for that year at forty cents per acre, and that plaintiff threshed about one-third of said grain and refused to complete his contract, whereby the defendant was damaged in the sum of $100; *third,* as a third defense the defendant alleged that the knuckles and joints of tumbling-rods of the threshing machine were not safely boxed and secured, as required by law.

It is evident from the record that the jury rejected the item of $4.62, balance claimed to be due for threshing in 1876. It appears from the testimony that in the month of September, 1878, the plaintiff entered into a contract with the defendant to thresh his grain raised that year for the sum of forty cents per acre; and that in pursuance of said contract the plaintiff threshed wheat for the defendant for three days, and had to quit work because the defendant was unable to obtain a sufficient number of hands to keep the machine in operation. The plaintiff threshed about 784 bushels of wheat, being about one-third of the defendant's grain, and which, at forty cents per acre, would amount to the sum of $17. There is some testimony tending to show that the plaintiff was to return and complete the job, although upon that point there is some conflict. The plaintiff, ignoring his contract, seeks to recover the *value* per bushel for threshing the wheat in question. The court instructed the jury that, "if you find from the evidence that the contract for the threshing in 1878 was broken by the plaintiff, that fact will not prevent him from recovering for what he actually did, and you will allow him what it was reasonably worth, as shown by the evidence. But you will then proceed to ascertain how much, if any, damages the defendant (McMillan) sustained by reason of Malloy's failure to comply with the agreement. As-

certain to whom the greater amount is due; deduct the less amount from the greater, and return your verdict for the balance." To which instruction the defendant excepted, and now assigns the giving of the same for error.

The plaintiff in error insists that a recovery upon a *quantum meruit* cannot be had upon part performance of an entire contract of this sort, where there is no waiver nor voluntary acceptance by the defendant. We are aware that there are a large number of cases, most of them tried in courts having no equity powers, holding that no recovery can be had in such case. These decisions are placed upon the ground that the contract is *entire*, and that no recovery can be had on the contract until the plaintiff has performed his part of the same. And where a contract is entire and indivisible, and payment is to be made only after full performance, no action can be maintained on part performance. But when the contract is susceptible of division, and its entirety has been destroyed by part performance, from which the other party has derived a benefit, the law raises an implied promise to pay to the extent of the benefit received; and an action may be maintained thereon after the time has expired for the completion of the contract.

In the leading case of *Oxendale v. Wetherell*, 9 Barn & C., 386, an action was brought to recover the price of 130 bushels of wheat sold and delivered by the plaintiff to the defendant at 8 shillings per bushel. The defendant proved that he made an absolute contract for 250 bushels, and contended that as the plaintiff had not fully performed, he could not recover. It was held that the plaintiff, having retained the 130 bushels, after the time for completing the contract had expired, was bound to pay for the same.

In *Bowker v. Hoyt*, 18 Pick., 555, the plaintiff sold

the defendant 1,000 bushels of corn, but delivered only 400 bushels. The court held in substance that the acceptance of a part of the corn was a severance of the entirety of the contract, and the defendant was bound to pay for the corn so delivered; but that he might reduce the plaintiff's claim by showing any damages he had sustained by the plaintiff's failure to fulfill his contract. 2 Smith's L. C. (6 Ed.), 33. 2 Parsons on Contracts (5 Ed.), 523–4.

In *Britton v. Turner*, 6 N. H., 481, the plaintiff brought an action for work and labor performed by the plaintiff for the defendant from March 9, 1831, to December 27 of the same year. The defendant offered to prove that the work was done under a contract for one year for the sum of $100, and that the plaintiff left his service without his consent and without good cause. Parker, C. J., in delivering the opinion of the court, after referring to certain cases where a recovery could be had, said : " Those cases are not to be distinguished in principle from the present, unless it be in the circumstance that where the party has contracted to furnish the materials, and do certain labor, as to build a house in a specified manner, if it is not done according to the contract, the party for whom it is built may refuse to receive it—elect to take no benefit from what has been performed—and therefore, if he does receive, he shall be bound to pay the value ; whereas, in a contract for labor merely, from day to day, the party is receiving the benefit of the contract under an expectation that it will be fulfilled, and cannot, upon the breach of it, have an election to refuse to receive what has been done, and thus discharge himself from payment.

But we think this difference in the nature of the contracts does not justify the application of a different rule in regard to them. The party who contracts for

labor merely, for ,a certain period, does so with full knowledge that he must, from the nature of the case, be accepting part performance from day to day, if the other party commences the performance, and with knowledge also that the other party may eventually fail of completing the entire term. If, under such circumstances, he actually receives a benefit from the labor performed over and above the damage occasioned by the failure to complete, there is as much reason why he should pay the reasonable worth of what has thus been done for his benefit as there is when he enters and occupies the house which has been built for him, but not according to the stipulations of the contract, and which he perhaps enters, not because he is satisfied with what has been done, but because circumstances compel him to accept it as it is. It is said that in those cases, where the plaintiff has been permitted to recover, there was an acceptance of what had been done. The answer is, that where there is a contract to labor from day to day for a certain period, the party for whom the labor is done in truth stipulates to receive it from day to day, as it is performed; and although the other may not eventually do all he has contracted to do, there has been necessarily an acceptance of what has been done in pursuance of the contract." See *Byerlee v. Mendel*, 39 Iowa, 382. *Pixler v. Nichols*, 8 Id., 106. Other cases might be cited in support of these views, but these are sufficient.

In some of the early English cases it was held that in actions for work and labor, negligence or badness of materials constituted no defense to an action for the agreed price, but the party for whom the work was done must pay the stipulated price and resort to a cross action to indemnify himself for a deficiency in the consideration. *Browne v. Davis*, cited in 7 East, 480. *Templar v. McLadlan*, 2 N. R., 136. 2 Smith's

L. C. (6 Ed.), 34.   The doctrine of recoupment in *such* cases seems to have had its origin at a later date than the cases cited.    *Basten v. Butter*, 7 East, 479. These facts must be kept in view in considering the early decisions, and doubtless had considerable weight in their determination.    There is no difference in principle between the case of a vendee receiving and retaining a quantity of goods sold under an entire contract, after the vendor has refused to deliver the residue, than that of a party who has been employed by another to perform certain labor, but who, after performing a portion of the labor under the contract, neglects or refuses to perform the remainder.    In neither case can an action be maintained on the original contract, but in both the other party has received and appropriated what is done.    And to the extent that he is *benefited* over and above the damage which has resulted from a breach of the contract by the other party, the law implies a promise to pay for such excess.    Any other rule is fraught with gross injustice, and assumes that the party failing to perform is in all cases at fault, and offers an inducement to the opposing party indirectly to prevent a performance.    But where a contract is shown to have existed, the measure of recovery for the services rendered is the price fixed in the contract, less the damages sustained by the employer by reason of the non-performance.    *Doolittle v. McCullough*, 12 O. S., 360.    *Corwin v. Wallace*, 17 Iowa, 374.

The court therefore erred in instructing the jury to allow what the work was *reasonably worth*.    It is unnecessary to notice the other instructions.    The defendant failed to prove damages, even if the jury had found that the plaintiff had failed to perform his contract in such manner as would entitle him to recover. There is a general allegation in the testimony of the defendant that he sustained $25 damages; but he

McMillan v. Malloy.

fails to state a single *fact* that would entitle him to recover. The jury therefore were justified in rejecting his claim.

As to the third cause of defense, there is no statement in the bill of exceptions as to what was proposed to be proved by the defendant. It is not sufficient to be available on error, that the court sustains an objection to a question; the party must offer to prove certain facts, and if they are excluded, embody the testimony thus offered in the bill of exceptions. There is no error therefore available to the defendant in the third defense, as set forth in the answer.

As it is clear from the record that the weight of testimony sustains the verdict of the jury, but as damages were assessed under the instructions of the court for the reasonable worth of the threshing, instead of the contract price, the plaintiff in the court below has leave to remit from the judgment the sum of $13 within thirty days from this date; and upon condition that said remittance is filed as above provided, the judgment of the district court is affirmed. In case of the failure of the plaintiff to remit from the judgment the sum specified above, within the time designated, the judgment is reversed, and the cause remanded for further proceedings, the costs in this court to be taxed to the defendant in error.

JUDGMENT ACCORDINGLY.