MONITOR PLOW WORKS V. RICHARD BORN ET AL.

[FILED JANUARY 12, 1892.]

1. **Negotiable Instruments**: ONUS PROBANDI. In an action upon a promissory note, where the answer is a general denial, the burden of proof is upon the plaintiff to establish the genuineness of the instrument, and this burden remains with him throughout the case.

2. ———: ALLEGED FORGERY: EVIDENCE OF SIMILAR OFFENSE. In an action upon a note claimed by the defendant to be forged, it is not competent for him to introduce evidence tending to prove that the payee had, at other times and unconnected with the note in suit, negotiated paper alleged to be forged.

3. **Reversible Error**: THE ADMISSION OF INCOMPETENT TESTIMONY on a jury trial, to the prejudice to the party against whom it is introduced, is good ground for reversal.

ERROR to the district court for Madison county. Tried below before POWERS, J.

*S. O. Campbell*, and *Barnes & Tyler*, for plaintiff in error, cited, contending that the admission of incompetent testimony was reversible error: *Dunbier v. Day*, 12 Neb.,

600; *High v. Bank,* 6 Id., 157; *Eiseley v. Malchow,* 9 Id., 180.

*Allen, Robinson & Reed, contra,* cited, as to the evidence of previous offense: 1 Greenleaf, Evidence [13th Ed.], sec. 53 n.; as to burden of proof: *First Natl. Bank v. Carson,* 30 Neb., 104; as to admission of testimony: *Dillon v. Russell,* 5 Neb., 484; *Polland v. Turner,* 22 Id., 366; *Brooks v. Dutcher,* Id., 644; *McClure v. Lavender,* 21 Id., 181; *Brown v. Klock,* 5 N. Y. Sup., 245; *R. Co. v. Turner,* 22 Pac. Rep. [Kan.], 414; *Hooker v. Brandon,* 43 N. W. Rep. [Wis.], 742; *Price v. Brown,* 20 N. E. Rep. [N. Y.], 381.

NORVAL, J.

This action was brought in the court below by the plaintiff in error against Richard Born and C. Neidig to recover the amount of a promissory note purported to be given by Richard Born to Neidig, and indorsed by the latter to the plaintiff. The petition is in the usual form.

Neidig answered, confessing the allegations of the petition. The answer of Richard Born is a general denial. The court entered judgment against Neidig for the full amount of the note and interest. The issue presented by the answer of the defendant Born was tried to a jury, who returned a verdict in favor of the defendant, and the plaintiff prosecutes error.

The defense is that the note is a forgery. The evidence bearing upon that question is conflicting and irreconcilable. The note is for $500, bearing date September 8, 1883, due in two years and payable to the order of C. Neidig. It purports to be signed by Richard Born in the presence of Jacob Maurer.

The undisputed testimony is to the effect that at a public sale of cattle at the farm of one Henry Maurer, held on September 8, 1883, the defendant Richard Born purchased

over $400 worth of stock, and gave in payment therefor his notes signed by Chris. Neidig as security. It was agreed at the time that Born should secure Neidig for signing the notes, which were given for the cattle. The next day after the sale Born and Neidig went to Maurer's, the former after the stock he had bought, and the latter to see about his security. While there, Born signed and gave Neidig some paper intended as security, which Born testifies was not a note, but was a chattel mortgage on certain cattle. The defendant is corroborated by several witnesses who were present at Maurer's house when the transaction occurred.

Richard Born also testified that he never signed the instrument in suit, nor authorized any one to sign his name thereto, and that shortly after the payment of the notes given for the cattle, he went to Neidig, to obtain the paper he had given him as security, and Neidig destroyed it in his presence. It is undisputed that Jacob Maurer did not sign the note as a witness to Born's signature.

As sustaining the genuineness of the note, there is in the bill of exceptions the testimony of C. Neidig, the payee of the note, that he saw the defendant sign it; the testimony of S. O. Campbell to the effect that he was well acquainted with the handwriting of Richard Born, and that the signature to the note was the genuine signature of Born, and that the defendant told the witness at one time he signed the note; and the testimony of Wm. Neidig, a former clerk of C. Neidig when he was in business in Madison, which is to the effect that he talked with the defendant about the note and in none of the conversations did Born claim that note was a forgery.

The only issue submitted to the jury was, Did the defendant sign the note?

The court charged the jury that burden of proof was upon the plaintiff to show by a preponderance of the evidence the execution and delivery of the note.

It is claimed by counsel for plaintiff in error, in the brief, that after evidence had been introduced by the plaintiff to show the execution of the note, and that it was transferred to the plaintiff before due, and for a valuable consideration, the burden of proof shifted to the defendant to show that he did not sign the note.    This contention is not well founded.    The execution of the note declared upon was put in issue by the answer, and it devolved upon the plaintiff to establish the genuineness of the defendant's signature by a preponderance of the evidence, and this burden remained with the plaintiff throughout the case. (*First Natl. Bank v. Carson*, 30 Neb., 104.)

It is finally urged that the court erred in admitting, over the plaintiff's objection, the testimony of the witness Stuart.

James Stuart was called as a witness by the defendant, and after testifying that his occupation was banker and had been engaged in such business in Madison for about ten years, and that he was acquainted with Chris. Nedig, he testified on direct examination in answer to questions, as follows:

Q. Did you ever have in your possession commercial paper that was negotiated by the defendant Neidig, in this case, which was originally drawn to him as payee which was forged paper?

Objected to by the plaintiff, as incompetent, irrelevant, and immaterial, and that it is foreign to the question in issue in the case and tends to confuse the jury.   Overruled and plaintiff excepts.

A. I had paper that the makers claimed they never signed, but Mr. Neidig was a signer on the paper, and not an indorser.

Q. He signed the paper as principal or surety?

A. As principal.

Plaintiff moves the court to strike out the last two answers of the witness for the reason that the testimony is incompetent.   Motion overruled and plaintiff excepts.

Q. You may state if Mr. Neidig's attention was called to this paper and what the parties said about it; that they claimed that they had not signed it. Was his attention called to it by you?

A. Yes, sir; the man's name was John Fisher, who lived down the creek about three miles. The note purported to to be signed by John Fisher, and John Fisher claimed that he did not sign it, but Neidig said that John had forgotten about it.

Q. Did you state to Neidig that Fisher said he had not signed the note?

A. Yes, sir; I said that this thing has got to stop right off.

Q. What did he say?

A. He coughed and hemmed, and said that Fisher had forgotten about it.

Plaintiff moved the court to strike out all the testimony of the witness relating to the Fisher note, for the reason that the same is incompetent, irrelevant, and immaterial, and not germane to the issue in the case. Overruled, and plaintiff excepts.

Q. You may state if there were any other notes of a like nature about that time.

Objected to by plaintiff, as incompetent, irrelevant, and immaterial. Overruled, and plaintiff excepts.

A. Yes, sir.

Q. What were they?

A. I think that one was a McCormick note, signed by Mr. Litke.

Q. What about that?

A. Why, they claimed they did not sign it, and Mr. Neidig took it up at once.

The admission of this testimony was clearly erroneous. It was the theory of the defense that the note in suit was forged by C. Neidig, and as tending to establish that fact it is claimed that the testimony complained of was compe-

tent. It is not at all certain that the notes referred to by the witness Stuart were forged, only that the purported makers claimed they did not sign them. But conceding that the notes mentioned by Stuart in his testimony were not genuine, the proof of such fact could not, in any manner, tend to show that Born's name to the note in controversy was forged by Neidig. In other words, it was not competent to prove that, at another time and place, Neidig had committed the crime of forgery. (*Smith v. State*, 17 Neb., 358; *Cowan v. State*, 22 Id., 519; *Berghoff v. State*, 25 Id., 213.)

The evidence should have been confined to the issue on trial. Owing to the conflicting character of the testimony bearing upon the question of the genuineness of the note sued on, we cannot say the admission of the testimony of the witness Stuart was not prejudicial to the plaintiff. It may have turned the case in favor of the defendant. For the admission of this testimony the judgment is reversed and the case remanded for further proceeding.

REVERSED AND REMANDED.

THE other judges concur.