J. W. WEST V. JOHN VAN PELT ET AL.

[FILED FEBRUARY 24, 1892.]

**Quantum Meruit:** PART PERFORMANCE: BENEFITS RETAINED.
In an action to recover on a contract for services performed
where the adverse party has retained the benefits thereof, he will
be liable for the value of such services in excess of any damages
he may have sustained by a failure to fully perform the con-
tract.

ERROR to the district court for Douglas County. Tried
below before DOANE, J.

*J. W. West, pro se,* cited: *McMillen v. Malloy,* 10
Neb., 229; *Parcell v. McComber,* 11 Id., 210; *Duncan
v. Baker,* 21 Kan., 99.

*H. D. Estabrook, contra.*

MAXWELL, CH. J.

This action was brought in the district court of Douglas
county by the plaintiff against the defendant upon a con-
tract. On the trial of the cause the jury returned a ver-
dict in favor of the defendant, and a motion for a new trial
having been overruled, the action was dismissed. The
cause of action is set forth in the amended petition as
follows:

" Plaintiff, for his cause of action, says that the defend-
ants are a copartnership doing business in said county
under the firm name and style of Van Pelt Brothers, said
firm being composed of John and Jacob Van Pelt; that on
or about the 10th day of January, 1888, under such firm
name and style, defendants made, executed, and entered
into a contract in writing with this plaintiff, duly accepted
by both plaintiff and defendants, whereby plaintiff was
employed and empowered as the attorney and agent of

said defendant firm to secure a donation of land and money
at or near Omaha, Nebraska, for the use and benefit of
said defendant firm and for the purpose of inducing said
firm to remove their paint works from the city of Des
Moines, Iowa, to the city of Omaha, Nebraska; that for
and in consideration of plaintiff's services, as such agent
in this behalf, he was, under and by the terms of said con-
tract, to receive from defendants the sum of $500 in case
he succeeded in securing said donation for the defendants'
use and benefit. And now plaintiff alleges that shortly
after the making of said contract he entered upon the
performance thereof and undertook to carry out and per-
form the same agreeable to the terms and in accordance
with the true meaning and intent thereof; that after much
diligent and faithful work, he obtained and secured for
defendants a pledge and donation of about $3,000 in
money and secured for them a donation of eight suitable lots
of the value of about $450 each, at or near Omaha Heights,
Nebraska; that when he had thus secured the said eight
lots and the said $3,000 or thereabouts, thereupon the
defendant firm, for and in consideration of plaintiff's hav-
ing secured and obtained for them three lots more than by
the terms of said contract he was obliged to procure and
secure for them, and for other good and valuable consider-
ation, the defendants expressly waived the obtaining and
securing of the additional $2,000 in money which by the
terms of said contract plaintiff was bound to secure, and
released the plaintiff from the further prosecution of his
work under said contract, and told him that they (the de-
fendants) would and did accept the said $3,000, or there-
abouts, and the said eight lots as a complete and entire
fulfillment of the said contract with them, and assured the
plaintiff and the parties who had actually given the afore-
said donations that they would remove their paint works
from Des Moines, Iowa, to said Omaha Heights, on the
donations then made, and would not exact or require

further donations to them; that thereupon the defendants did actually remove their said paint works to said Omaha Heights and located them upon the aforesaid lots, thereby, then and thus wholly removing the inducement theretofore existing to procure aid and donations for them and for their benefit, and thus prevented plaintiff from completing said contract according to its strict terms; that it has not been the fault of this plaintiff that said contract was not fulfilled in strict accordance with its terms and true meaning; that defendants have taken and received the full benefits of said contract and of plaintiff's work thereunder, but have failed and refused to pay the plaintiff for his work and services in carrying out said contract, though often requested so to do, and that there is now due him for said work and services thereunder the sum of $500, for which he asks judgment, with interest, as well as for his costs herein expended."

The answer to the original petition seems to have been considered an answer to the amended petition, and is as follows:

"And now come said defendants, and for answer to the petition of plaintiff herein filed, denies each and every allegation in said petition contained, except as herein otherwise expressly admitted.

"Further answering, defendants admit that they are a copartnership doing business under the firm name and style of Van Pelt Brothers, in Douglas county, Nebraska.

"Further answering, defendants say that said plaintiff is a stockholder and president of a corporation known as the Metropolitan Building Association, whose place of transacting business is in Douglas county, Nebraska; that the principal object of said corporation is speculating in lands and town lots; that on and before the 10th day of January, 1888, the said Metropolitan Building Association was the owner or interested in a large number of lots, to-wit, fifty lots in an addition to the city of Omaha,

8

Douglas county, Nebraska, known as Omaha Heights; that other portions of said addition were at said time and prior thereto owned by the syndicate for whom P. C. Himebaugh, Alvin Saunders, Arthur Remington, and T. S. Clarkson were trustees; that at said time and prior thereto said defendants were the owners of large works for the manufacture of paints, at Des Moines, Iowa; that said plaintiff Joel W. West, for himself and the said Metropolitan Building Association, of which he was president as aforesaid, was particularly desirous of having said defendants remove with their works to the city of Omaha, Nebraska, and locate said works within the vicinity of Omaha Heights, and the lots and parcels of land owned by said Metropolitan Building Association, and said syndicate representing to said defendants that it would be to the mutual interest of said property owners and of said defendants to do so, and as an inducement to said defendants to so remove and establish their said works said plaintiff Joel W. West agreed to use his influence as president of said Metropolitan Association, and with the syndicate aforesaid, who were, as aforesaid, interested in said Omaha Heights, to procure large donations of land and money, and for that purpose and to that end said defendants entered into a written contract with said plaintiff, establishing said plaintiff their agent and attorney for the purpose of securing said donations of land and money at or near Omaha, Nebraska, by which said plaintiff undertook to secure the said Van Pelt Brothers a donation of five suitable lots at Omaha Heights for the purpose of establishing their paint works, and a pledge of $5,000 as a further donation, in consideration of which said Van Pelt Brothers undertook to locate their works at Omaha Heights, and as compensation for said services so rendered by said plaintiff the defendants agreed to pay the sum of $500 upon securing of said donation of land and pledge of money in cash, which said written contract was dated the 10th day of January, 1888. * * * But

defendants say that said plaintiff has not complied with the conditions of said contract; that as president of said Metropolitan Building Association he has promised, on behalf of said association, the sum of $2,000 in negotiable notes, due four months from January 17, 1888, but that said notes have not been given nor the money paid; that all the defendants have received in cash or negotiable securities, aside from a contract for the five lots in Omaha. Heights by the trustees aforesaid, has been $1,000 from said trustees; that, relying upon the promises and representations of said plaintiff to secure said pledge of $5,000, said defendants removed their entire works from Des Moines, Iowa, and located them in Omaha Heights, but failing to receive more than $1,000, as aforesaid, they have been greatly harassed for want of money in the building and development of their works, to their great damage, $2,000.

" Further answering, defendants say that the contract so made by said plaintiff with said defendants constituting the said plaintiff agent and attorney for said defendant, whereas said plaintiff was the president and agent of said Metropolitan Building Association, and jointly interested personally, and as such stockholder with the syndicate herein named, was contrary to public policy and void, and that no cause of action accrued or can accrue to said defendants by virtue of said contract."

The reply consists of certain denials.

There is testimony in the record tending to show that the defendants waived the full performance of the contract, and that they accepted the property procured by the plaintiff, and have appropriated the same to their own use.

The case was tried upon the theory that there must be a full performance on the part of the plaintiff of all the terms of contract to entitle him to recover, and the instructions of the court were predicated upon that view of the law.    No doubt there are many cases where a plaintiff must perform all the conditions of his contract to entitle him to recover,

but this rule does not obtain where there has been a waiver
of the terms of the contract, or the adverse party has ap-
propriated and retained the labor or property of the plaint-
iff.   In the latter case, the value of the labor or prop-
erty received and accepted, less the damages for the failure
to perform, may be recovered. (*Parcell v. McComber*, 11
Neb., 209; *Britton v. Turner*, 6 N. H., 481; *Duncan v.
Baker*, 21 Kan., 99; *McMillan v. Malloy*, 10 Neb., 228.)
There is a sufficient allegation of waiver and part perform-
ance in the pleadings to authorize the court to instruct the
jury to render a verdict for the value of the services less
the damages, and the court to render judgment for the
same.   The judgment of the district court is therefore
reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.