GEORGE J. BARTON, APPELLANT, v. WALTER F. WILSON ET AL., APPELLEES.

96 N. W. 2d 270

Filed May 1, 1959.   No. 34468.

*Schrempp & Lathrop* and *Henry C. Rosenthal, Jr.,* for appellant.

*Herbert M. Fitle, Irving B. Epstein, Albert G. Schatz,* and *Gross, Welch, Vinardi & Kauffman,* for appellees.

*Wilbur L. Phillips,* amicus curiae.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action wherein George J. Barton is plaintiff and appellant, and Walter F. Wilson and John R. Steiner are defendants and appellees. By the petition the plaintiff charged that on March 18, 1956, at about 1:45 a.m., the defendant Steiner falsely arrested and imprisoned the plaintiff, and that after he had been so arrested and imprisoned, the defendant Wilson participated in the false imprisonment. On account of this he claimed that he sustained damages which damages he seeks to recover in this action.

The defendants filed separate answers and later amended answers. The case was presented on the amended answers. The answers, to the extent necessary to state here, were general denials and a charge that the plaintiff caused and provoked his own arrest.

The case was tried to a jury. The verdict of the jury was in favor of the defendants and against the plaintiff. Judgment was rendered on the verdict. A motion for new trial was duly filed and in due course overruled. From the judgment and the order overruling the motion for new trial the plaintiff has appealed.

As grounds for reversal the plaintiff has set forth eight assignments of error. Before considering them

it appears proper to point out that the plaintiff was arrested by the defendant Steiner without warrant at the time and place charged; that he was taken to the Omaha police station, booked for "investigation," and confined in the jail until the following afternoon when he was released on a cash bond of $25; that while he was in custody he was interviewed by the defendant Wilson and ordered returned to jail where he remained until he was released on the cash bond; and that he was never charged with a criminal offense against the laws of the state or with violation of any ordinance of the city of Omaha, Nebraska.

The disputed question, as disclosed by the record, therefore, was that of whether or not under the facts the arrest and detention of plaintiff was lawful.

In this connection it is pointed out, although it is not presented by any assignment of error, that in this area where the facts are in dispute the determination thereon is to be made by the jury. In Dillon v. Sears-Roebuck Co., 126 Neb. 357, 253 N. W. 331, this court approved the proposition that in an action for damages for false imprisonment whether or not the acts of a defendant amount to false imprisonment is a question for the jury provided the evidence is sufficient to support a verdict for the plaintiff.

Returning now to the assignments of error it is pointed out that by the first of these the plaintiff asserts the court erred in instructing the jury that the burden of proof on the issue of probable cause for arrest was on the plaintiff rather than the defendants. The assignment is without merit. The court has spoken directly on this question and contrary to the contention contained in this assignment. In Dillon v. Sears-Roebuck Co., 125 Neb. 269, 249 N. W. 604, it was said: "To recover in a civil action for false imprisonment, the burden is upon the plaintiff to prove facts and circumstances amounting to an unlawful restraint of her liberty."

It is true that the ultimate decision in this case was

reversed in Dillon v. Sears-Roebuck Co., 126 Neb. 357, 253 N. W. 331, but this legal pronouncement was not disturbed, and it has not been disturbed by any later decision.

The plaintiff insists that the effect of Johnson v. Bouton, 35 Neb. 898, 53 N. W. 995, supports his contention. By this insistence the plaintiff mistakes the true purport of that decision. In that case, which was one for damages for false imprisonment, this court upheld the refusal of the district court to instruct as follows: " 'In an action of false imprisonment it is incumbent upon the plaintiff to prove by a preponderance of evidence that the original prosecution was without probable cause and was malicious.' " Responding to this it was said: "These instructions were properly refused. False imprisonment is the unlawful detention of the injured party. * * * The question of malice is immaterial except so far as it affects the measure of damage. * * * Casebeer v. Rice, 18 Neb. 203, relied upon by plaintiff in error, was an action for malicious prosecution and, therefore, not applicable."

It becomes clear from this that the court did not reject the instruction because of improper placement of the burden of proof in an action for false arrest or imprisonment but because of the purpose to inject malice as an essential element in such an action.

By the second assignment of error it is urged that the court erred in admitting testimony of police officers that other arrests had been made and violations committed in the general neighborhood through which plaintiff was passing when he was arrested.

This assignment of error, by reason of its own context and the consideration given to it in the brief, requires only limited consideration. The particular thing or things to which the assignment refers is not pointed out therein. The only thing to which particular attention is directed in the argument is the following quoted from pages 148 and 149 of the bill of exceptions: "Q.

What occasion did you have to stop and make an investigation at this time of night or early morning—investigation as to these men talking to the cab driver? A. Well, we have had several complaints— * * * A. (Continuing) Prior to this night we had made a numerous amount of arrests in connection with prostitution activities and liquor violations stemming from the cab drivers hanging around that corner in that vicinity. Q. Is that the corner where the Ritz Cab Stand is located? A. Yes, sir."

This quotation was introduced by the following argumentative statement in the brief: "Apparently seeking to justify their arrest of plaintiff, the defendants sought to introduce evidence of arrests and violations in the negro district, and a good sampler of this type of evidence is the following excerpt from the Bill of Exceptions: * * *."

If this is a true sample of that to which this assignment is directed then it would be difficult to find any fault. If this indicates anything of which cognizance should be taken it is that these defendants were acting zealously in the performance of duty. Certainly it may not be said from this that within the contemplation of the assignment of error any rights of the plaintiff were prejudiced.

In the light of the rules for the consideration of cases on appeal this is the only evidence which under this assignment may be considered. In Davis v. Dennert, 162 Neb. 65, 75 N. W. 2d 112, this court said: "In order that assignments of error as to the admission or rejection of evidence may be considered, the holdings of this court require that appropriate reference be made to the specific evidence against which objection is urged." See, also, Joiner v. Pound, 149 Neb. 321, 31 N. W. 2d 100; Bolio v. Scholting, 152 Neb. 588, 41 N. W. 2d 913; Wieck v. Blessin, 165 Neb. 282, 85 N. W. 2d 628. The second assignment of error, in the light of what has been

said, provides no basis for a reversal of the judgment in this case.

By the third assignment of error it is urged that the court erred in instructing the jury that it might consider the "district in which the arrest occurred" as a factor in determining whether or not the defendants had probable cause to arrest and detain the plaintiff. The statement to which attention is called, if given alone and not in context with other provisions, could conceivably be regarded as error in a case of false arrest and imprisonment, but that is not the situation here. Here the statement is taken out of context and an emphasis placed upon it which the full context does not warrant. The full context is the following: "In determining whether or not the defendants had probable cause to detain the plaintiff and detained him no longer than a reasonable time, you should consider the acts and conduct of the plaintiff himself, the district in which the arrest occurred, the time of day, and all other facts and circumstances in evidence."

This statement in context suggests no impropriety and no case cited by the plaintiff arrives at an opposite conclusion. As was pointed out earlier herein, where in a case of this kind the facts are in dispute the determination thereon is for the jury. No citation is required to sustain the statement that in a case where a jury is required to determine a question of fact it has the right and duty to consider all facts and circumstances disclosed by the evidence in making that determination, and the court has the duty to instruct accordingly. That is all that was done by the instruction of which the statement objected to was a proper part. No error was involved.

By the sixth assignment of error it is charged that the court by instruction permitted the jury to consider other offenses for which the plaintiff was not arrested or charged. The assignment lacks comprehensibility. There was no such instruction as that described. If

the purpose of the assignment was to call attention to the various phases embraced in the Omaha vagrancy ordinance, a sufficient answer will be found in what will be said with regard to assignment No. 7.

Nothing need be said with regard to the eighth assignment of error beyond the statement that the plaintiff has pointed to no statutory provision or legal decision in this state, and we have found none, requiring that forms of verdict shall be supplied to the jury with the instructions.

By the fourth assignment of error it is asserted that the court erred in refusing to instruct on the definition of what constitutes the lawful right of arrest. This assignment appears to have merit. The instructions do not define either positively or negatively, in the light of the evidence adduced on the trial, what would amount to false arrest or false imprisonment. From the instructions given the jury could not comprehensively determine the paramount issue in this case, that is, whether or not plaintiff was unlawfully arrested and detained by the defendants. It is true that some illustrative situations bearing on this issue were presented by the instructions but these were not sufficient to permit the jury to intelligently approach a determination of this issue.

A request was made for instruction in this area but even without such request, or a request which was deficient, it was the duty of the court to instruct sufficiently and properly.

In Southwell v. DeBoer, 163 Neb. 646, 80 N. W. 2d 877, it was said: "This court has said many times in somewhat varying terms but with a single meaning that a party to an action is entitled to have the jury instructed with reference to his theory of the case, when the pleadings present the theory as an issue and it is supported by competent evidence, whether requested to do so or not." Numerous citations supporting this statement appear in that opinion. The

error asserted by this assignment must be regarded as prejudicial.

By the fifth assignment of error it is urged substantially that the court should have directed a verdict in favor of plaintiff on the issue of liability since the evidence established that the arrest and imprisonment were violative of the rights of the plaintiff under the Constitutions of the United States and the State of Nebraska.

As has been pointed out the evidence on this issue was in substantial conflict and therefore presented a question for the jury. The assignment is accordingly without merit.

By the seventh assignment of error, which is the only one remaining for consideration, the plaintiff urges that the court erred in admitting in evidence the ordinance of the city of Omaha defining vagrancy. This ordinance, which was admitted, contains 13 paragraphs of definitions of vagrancy. The instructions fail to relate any of these definitions to the arrest and imprisonment of plaintiff, to the incidents leading thereto, or to the question of whether or not it could be found that there was justification for the arrest and imprisonment of plaintiff if it should be found that the plaintiff was at the time violating any of these provisions of the ordinance. The use to which the ordinance could properly be put and the purpose to which it could be applied by the jury was left in the realm of conjecture and speculation. Whether or not its effect was adverse to the plaintiff is not and cannot be known. It cannot well be doubted that it could have resulted improperly and detrimentally to him, and accordingly its admission was prejudicially erroneous.

Under such circumstances this court has said: "Proof in the trial of a jury case should be confined to legal evidence which tends to prove or disprove the issues made by the pleadings. Evidence erroneously received in such a case may not be considered without prejudice

against whom it is admitted if it may have influenced the result as to him." Borden v. General Ins. Co., 157 Neb. 98, 59 N. W. 2d 141. See, also, Higgins v. Loup River Public Power Dist., 159 Neb. 549, 68 N. W. 2d 170; Lane v. Burt County Rural Public Power Dist., 163 Neb. 1, 77 N. W. 2d 773.

There is no purpose to say that under no circumstances would this ordinance or parts of it be admissible. The only purpose here is to say that on the basis of lack of proper foundation, failure to limit its admissibility to the portions contemplated by the evidence, and failure to apprise the jury of the purpose for which it could be considered it was inadmissible on the trial of this case.

For the reasons set forth herein the judgment of the district court is reversed and the cause is remanded for a new trial.

REVERSED AND REMANDED.