WILLIAM RICKERTSEN, APPELLEE, v. CLAY CARSKADON, APPELLANT.

100 N. W. 2d 852

Filed February 5, 1960. No. 34654.

*Beatty, Clarke, Murphy & Morgan, Donald W. Pederson, Frank E. Piccolo, Jr.,* and *William A. Stewart, Sr.,* for appellant.

*Smith Brothers,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Plaintiff commenced this action against the defendant to recover the sum of $1,586.06 as compensation for 20,760 pounds of anhydrous ammonia delivered to defendant's lands, and the agreed price for applying the same, all done at the special instance and request of the defendant. The defendant denied the alleged oral agreement with the plaintiff. For a second defense the defendant alleged that he entered into an agreement to purchase the anhydrous ammonia, for which plaintiff sued, from the Gothenburg Co-op Oil Company of Gothenburg, Nebraska, for which he agreed to pay the sum of $1,586.06 upon proper application thereof to his lands. Defendant further alleged, if it be found that he is obligated to the plaintiff for the anhydrous ammonia, and for the application thereof to his lands, that the anhydrous ammonia was improperly, negligently, and carelessly applied in such a manner that it was wholly worthless and of no value to defendant's lands, and that because thereof defendant is not indebted to plaintiff in any amount. The jury returned a verdict for plaintiff for $1,586.06 and defendant has appealed.

The evidence shows that defendant went to the office of the Gothenburg Co-op Oil Company and inquired as to the cost of various types of fertilizer, including anhydrous ammonia. He also inquired about persons available to apply it to his land. The plaintiff's name, among others, was given to him. He thereafter called at the

home of plaintiff and, according to the plaintiff, entered into an oral agreement for plaintiff to apply it as soon as possible under the terms stated in his petition. Defendant asserted that the agreement was made with the Gothenburg Co-op Oil Company. The evidence shows that the anhydrous ammonia was charged to the account of the plaintiff by the Gothenburg Co-op Oil Company. It also shows that the latter billed the defendant for the anhydrous ammonia. Plaintiff explains this by stating that after defendant refused to pay for the ammonia and its application, he requested the Gothenburg Co-op Oil Company to send out statements as a matter of convenience to him. Without further discussion of the evidence we conclude that the issue was one for the jury.

Plaintiff and an employee who assisted him in applying the anhydrous ammonia testify that it was applied properly in the recognized and customary manner. The defendant and a neighbor who examined the land after the application of the ammonia by the plaintiff testify that it was negligently and improperly applied, in that it was in many parts of the land not put into the ground at a sufficient depth; that in many places it was not put into the ground at all; and that in the land described as gumbo, of which there was considerable, the anhydrous ammonia was not covered and sealed, which permitted it to evaporate and be of little value to the land. The issue as to whether or not the anhydrous ammonia was purchased and applied in accordance with the oral agreement was also a question for the jury.

The evidence shows that plaintiff was an independent applicator of anhydrous ammonia. He testified that it was necessary to induct the anhydrous ammonia into the ground at a depth of 6 to 9 inches. It was necessary also that the ground be moist and be loose enough on the surface to cover and seal the ammonia gas in the ground to avoid evaporation. Plaintiff had the proper equipment to apply the anhydrous ammonia. The only

question before the court was whether or not it was properly applied in accordance with the terms of the contract. If the ammonia was applied in accordance with the terms of the agreement, plaintiff was entitled to judgment for the full amount under the evidence adduced. If the ammonia was not applied in accordance with the agreement, the defendant was entitled to reduce the amount of the contract price by the amount of damages resulting from the breach. In other words, we think the trial court was in error in submitting the case on two forms of verdict, one of which found for the defendant and the other finding for plaintiff for the full amount prayed for. The jury should have been permitted to find for the plaintiff in an amount to be determined by it from the evidence. It is mandatory that the trial court, without request, correctly instruct the jury as to all issues in the case which are supported by evidence, and a failure to do so ordinarily constitutes prejudicial error. Clark v. Oldham, 166 Neb. 672, 90 N. W. 2d 329; Barton v. Wilson, 168 Neb. 480, 96 N. W. 2d 270.

It is a general rule that when a contract has been established the measure of recovery is the price agreed upon in the contract, less the damages sustained by the breach of the same. McMillan v. Malloy, 10 Neb. 228, 4 N. W. 1004, 35 Am. R. 471; West v. Van Pelt, 34 Neb. 63, 51 N. W. 313; Winfield Mutual Housing Corp. v. Middlesex Concrete Products & Excavating Corp., 39 N. J. Super. 92, 120 A. 2d 655. The case should have been submitted on this theory.

The plaintiff called four witnesses who testified that plaintiff had applied anhydrous ammonia to their lands and that he had done a good job. This evidence was objected to as incompetent, irrelevant, and immaterial. A motion to strike the evidence of these four witnesses was subsequently made. The objections were overruled. The rulings on the admission of this evidence were erroneous and prejudicial.

The rule is: Evidence of prior transactions of one of the parties to the action with other persons, even though similar to the transaction involved in the case before the court, is generally not admissible, since there is no logical or necessary relation between the several transactions that anything done in connection with the one could be relied on to prove or disprove anything in issue in connection with the other. Monitor Plow Works v. Born, 33 Neb. 747, 51 N. W. 129; Hunt v. Van Burg, 75 Neb. 304, 106 N. W. 329.

In the instant case it makes no difference how efficiently plaintiff may have performed similar work for others. The issue tendered by the defendant related solely to the agreement between plaintiff and the defendant, and whether or not the service had been rendered in accordance with that agreement. The rule is aptly stated in Turpin v. Branaman, 190 Va. 818, 58 S. E. 2d 63, as follows: "Except in certain cases where the knowledge, motive or intention of the party is a material fact in the case, as it was not in this case, the general rule is that no reasonable presumption can be formed as to the making or execution of a contract by a party with one person in consequence of the mode in which he has made or executed similar contracts with other persons. Neither can parties be affected by the conduct or dealings of strangers. Transactions which fall within either of these classes are res inter alios acta, and evidence of this description is uniformly rejected."

The plaintiff in this case testified that the contract was entered into by him and the defendant. The defendant asserted in his answer and by his testimony that the contract was between himself and the Gothenburg Co-op Oil Company. In support of his contention the defendant offered evidence that the manager and directors of the company called at his home and demanded payment of the amount due under the contract for applying the ammonia. Objection to this evidence

was sustained as hearsay. We think the evidence was admissible.

The evidence was clearly collateral evidence insofar as plaintiff was concerned. But all collateral evidence is not inadmissible. In Shepherd v. Lincoln Traction Co., 79 Neb. 834, 113 N. W. 627, this court quoted the following with approval: "As a general proposition, therefore, it may be said that any evidence that tends in any reasonable degree to establish the probability or improbability of a fact in issue, no matter how slight its weight may be, is relevant. * * * It is not necessary, however, that it should in itself bear directly upon the point in issue, for if it is but a link in the chain of evidence tending to prove the issue by reasonable inference, it may nevertheless be relevant. Indeed, evidence which tends to make the testimony of witnesses probable or improbable may sometimes be competent." See, also, Bowers v. Pixley, 111 Neb. 698, 197 N. W. 410; In re Estate of House, 145 Neb. 670, 17 N. W. 2d 883; Heusser v. McAtee, 151 Neb. 828, 39 N. W. 2d 802.

We hold the applicable rule to be: Where the fact sought to be shown, even though independent of the fact being litigated, has an actual and substantial tendency to establish or disprove such fact, it must be admitted. Evidence is relevant not only when it tends to prove or disprove the precise fact in issue, but when it tends to establish a fact from which the existence or nonexistence of the fact in issue can be directly inferred. On the other hand, when it can be seen that the evidence is without any weight whatever in determining the issue it is error for the court to admit it in evidence.

The defendant contends that the trial court erred in refusing to permit the defendant to estimate that not more than one-third of the fertilizer actually went into the soil in any shape, manner, or form. The trial court sustained an objection to this proffered evidence on the ground that there was insufficient foundation as to the qualifications of the witness to accurately state the

amount of fertilizer actually injected into the soil, and that there was no showing of an accurate measurement of the tracks and surface marks indicating an improper application of the ammonia. Ordinarily, of course, conclusions of fact are to be drawn from the evidence by the jury. There is, however, a general principle which permits witnesses to express opinions upon nontechnical subjects because of the impossibility or the difficulty of reproducing data. It is most frequently applied when witnesses are called upon to make estimates of speed, distance, height, age, area, dimensions, size, elevation and grade, and matters of like import. Testimony as to such matters can rarely be given with mathematical exactness and a witness is ordinarily permitted to give his estimate as direct evidence of an observed fact. 20 Am. Jur., Evidence, § 802, p. 675; Tully v. Mahoning Express Co., Inc., 161 Ohio St. 457, 119 N. E. 2d 831, 45 A. L. R. 2d 1144. The value of such evidence can ordinarily be fairly tested by cross-examination. Where the estimate of the witness is nothing more than pure speculation and conjecture, it is, of course, not admissible. In this connection we point out that such estimates are without probative value when competent witnesses have submitted actual measurements as to the matters which had been made the subject of estimate. In other words, estimates must give way to that which is based on actuality. While the trial court is invested with considerable discretion in ruling on the admissibility of such evidence, we think the trial court, under the evidence in this case, should have permitted the defendant to estimate the number of acres to which fertilizer had not been properly applied in accordance with the terms of the agreement.

Complaint is made as to several instructions given by the court. We do not deem it necessary to consider the correctness of the instructions. A submission of the case to the jury on a retrial in accordance with the con-

trolling law as declared by this opinion will eliminate the claims of error assigned by the defendant.

Because of the failure of the trial court to properly submit the issues to the jury and for the erroneous rulings of the trial court on the admission and rejection of evidence, the judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.