MORRIS MILLS, DOING BUSINESS AS GREAT PLAINS FENCE COMPANY, APPELLEE, v. DENNY WIEKHORST EXCAVATING, INC., A NEBRASKA CORPORATION; CITY OF YORK, NEBRASKA; AND NATIONAL SURETY COMPANY, APPELLANTS.

293 N. W. 2d 112

Filed June 10, 1980. No. 42893.

Frost & Myers, for appellants.

Ben L. Anderson of Anderson, Ferneau & Anderson, for appellee.

Heard before BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

This was a suit on a contract by a subcontractor, Morris Mills, against the general contractor, Denny Wiekhorst Excavating, Inc.; the owner, City of York, Nebraska; and the surety on the general contractor's performance bond, National Surety Company.

The contract between the plaintiff and Wiekhorst required the plaintiff to furnish all labor and materials required to erect and install the perimeter fence for a park project at York, Nebraska, for the sum of $6,200. The amended petition alleged the plaintiff had completed the contract and had furnished additional work and materials in the amount of $4,151. The plaintiff admitted partial payment of $2,635 and claimed a balance due of $7,716, plus $49.50 for recording a mechanic's lien.

The answer of Wiekhorst alleged that the plaintiff had stopped work on the project because of an injury and had requested Wiekhorst to complete the work; that Wiekhorst furnished labor and materials in the amount of $3,471.39; and that the balance due the plaintiff on the contract was $93.61. Wiekhorst denied that the plaintiff had performed any extra work at the request of Wiekhorst.

A jury was waived and the matter was tried to the court.

The evidence was in conflict on nearly all material questions of fact. The plaintiff testified that he was called to the job site by the defendant a number of times when there was little or no work that could be performed because of the status of the other work on the project. Parts of the fence that he completed had to be replaced because of damage occurring af-

ter it had been installed. The plaintiff denied that Wiekhorst had completed the work, or that Wiekhorst had been requested to complete the work, and testified that he, the plaintiff, had completed the job.

Dennis Wiekhorst testified generally in accordance with the allegations of the answer and contradicted the testimony of the plaintiff.

Since this was an action at law, the findings of the trial court must be sustained if there was sufficient evidence to support them.

The trial court found the plaintiff was not entitled to a mechanic's lien as against the city and dismissed the petition as to that defendant. The trial court further found that the plaintiff had failed to prove that he had fully performed the contract or that his failure to perform was due to the acts and omissions of Wiekhorst; that the plaintiff was entitled to recover the reasonable value of his partial performance which was $4,650; and that the balance due the plaintiff was $2,015. Wiekhorst and the surety company have appealed.

The defendant contends the award of damages made by the trial court was not supported by the record and that the trial court erred in failing to allow a setoff to the defendant for the cost of completing the work.

As a general rule, a party cannot maintain an action on a contract without prior substantial compliance on his part. If there has been substantial performance, an action may be maintained without prejudice to any showing of damages by the other party for less than full and complete performance. *Schweitz v. Robatham,* 194 Neb. 668, 234 N.W.2d 834 (1975); *Rickertsen v. Carskadon,* 172 Neb. 46, 108 N.W.2d 392 (1961). Where there has been part performance and the adverse party appropriated and retained the work performed, the value of the labor or property received and accepted, less the damages for the failure to perform, may be recovered. *West*

v. *Van Pelt,* 34 Neb. 63, 51 N.W. 313 (1892).

Although the trial court did not make a specific finding that there had been substantial performance by the plaintiff, the evidence would sustain a finding to that effect and the damages awarded amount to 75 percent of the contract price. Wiekhorst testified the plaintiff's work was 30 percent complete with 70 percent of the posts installed at the time the plaintiff was injured. The plaintiff testified that the job had been substantially completed at that time; that the defendant did very little work on the fence; and that the plaintiff returned to the job and completed it.

The trial court may have concluded that the damages claimed by the defendant for completion of the work were excessive. The damages claimed included charges for subsistence, overhead, outside labor, and materials and supplies which were questionable or supported by vouchers not produced at the trial.

As we view the record, it sustains the judgment of the trial court and the judgment must be affirmed.

AFFIRMED.

KRIVOSHA, C. J., participating on briefs.