194

*Reversed, with directions.*

E. H. *Evans* and *Beeler, Crosby & Baskins,* for appellant.

*Hoagland, Carr & Hoagland, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY,
PAINE and CARTER, JJ.

ROSE, J.

The Platte Valley Public Power and Irrigation District
commenced this proceeding in the county court of Lincoln
county September 7, 1934, to condemn and appropriate to
its own use 160 acres of land for the purposes of its Suther-
land reservoir, in the basin of which the land is situated.
It was owned by Jefferson Swygert and others and was
described as the southeast quarter of section 13, township
13, range 34, Lincoln county.

The county court appointed appraisers who viewed the
premises, heard the parties and, on September 24, 1934,
assessed the value of the land and the damages by reason of
the appropriation at $35 an acre, or $5,600. October 10,
1934, the appropriator turned the amount of the award, or
$5,600, over to the county court for the benefit of the own-
ers and took possession of the condemned land under the
power of eminent domain.

The landowners appealed to the district court, where
they were designated as plaintiffs and the Platte Valley
Public Power and Irrigation District as defendant. On the

appeal, the cause was tried to a jury on the single issue of the fair market value of the land taken, and from judgment on a verdict in favor of plaintiffs for $6,128.38, defendant, the appropriator, appealed to the supreme court, and plaintiffs, the landowners, took a cross-appeal.

Defendant insists that the district court erred in directing the jury to include interest in their verdict in addition to the fair market value of the land, and also erred in rejecting a verdict in favor of plaintiffs for $35 an acre plus 6 per cent. interest and in sending the jury back to the jury room to change their first verdict by stating the total value of the 160 acres with interest.

The power of defendant to condemn the land, pay for it and take it is conceded. The only issue on appeal to the district court was the fair market value of the land. The trial court in one instruction stated that issue to the jury, but in a later instruction erroneously said to them:

"Should you, in your verdict, find for the plaintiffs, you must allow them interest at the rate of six per cent. from September 7, 1934, and add the same to your verdict."

It is well-settled condemnation law that landowners are not entitled to interest or costs in the district court on appeal unless the recovery there on the controverted issue exceeds the award of the appraisers in the county court. That award, $35 an acre, or $5,600, was in the county court awaiting acceptance by plaintiffs. It was rejected. After the jury heard in court and considered in the jury room all the evidence on both sides on the single issue of value, they returned with a verdict finding for plaintiffs and fixing the amount of recovery at $35 an acre plus 6 per cent. interest. While informal, this was a clear and definite verdict for $35 an acre or $5,600 for 160 acres. The parties were of the same mind as to the number of acres. The only defects in the first verdict were the mere informality in failing to state the simple result of multiplying 160 by 35, and the surplusage of "plus 6 per cent. interest," erroneously directed by an instruction. Instead of accepting this verdict and entering judgment thereon for

$5,600, the jury were sent back to the jury room with the following instruction:

"The jury are instructed that you must fix the total amount in your verdict including the interest instead of the amount per acre as you have done."

As directed by this instruction, the jury came back into court with a verdict in favor of plaintiff for $6,128.38, upon which judgment was entered.

Defendant takes the position that the judgment is excessive to the extent of the interest, and that it should be reversed and the cause remanded, with directions to the lower court to enter a judgment on the first verdict for $5,600 without interest or costs. Plaintiffs insist there should be a new trial if there is a reversal for any reason.

Can the first verdict be so corrected as to eliminate the surplusage of interest inserted through errors in the instructions, and thus avoid a new trial? The jury first distinctly separated the value of the land from the interest. The recovery which responded to the issue tried was $35 an acre for 160 acres. This was clear and definite as a verdict for $5,600, when considered with the entire record. The insertion, "plus 6 per cent. interest," resulted from errors of the court, which it had power to correct. Common-law rigors which prevented correction of mere informalities or clerical errors in a verdict after discharge of the jury have been ameliorated by the Code of Civil Procedure. Courts are admonished by statute to disregard any error or defect in the proceedings which does not affect the substantial rights of a party and not to reverse a judgment for such a defect. *Henkel v. Boudreau,* 88 Neb. 784, 130 N. W. 753. Where the law requires interest not included in a verdict, the court may make the computation and include the amount in the judgment. *Calnon v. Fidelity-Phenix Fire Ins. Co.,* 114 Neb. 194, 206 N. W. 765. By analogy, inclusion of interest which the law forbids may be deducted. The rule has been stated as follows:

"As a general rule the court cannot make an amendment or correction as to a matter of substance after the verdict

has been recorded and the jury discharged; but the discharge of the jury does not deprive the court of its power to amend or correct with respect to clerical errors or formal matters, and this may be exercised even at a term subsequent to that in which the verdict was rendered." 64 C. J. 1097.

There was no confusion as to the single issue of value raised by the pleadings, tried and determined by the first verdict, which is fully supported by the evidence. Plaintiffs had no right to interest in addition to full payment for the land taken. They will not be prejudiced if it is eliminated from the first verdict and the final judgment. There is no sufficient reason for a new trial. The cross-appeal is found to be without merit. The second verdict is set aside, the judgment thereon reversed and the cause remanded to the district court, with directions to enter judgment on the first verdict in favor of plaintiffs for $5,600 without liability of defendant for interest or costs.

REVERSED.