CATHERINE TERNES, APPELLEE, v. CLARA C. WATKE, APPELLANT.

279 N. W. 718

FILED MAY 20, 1938. No. 30289.

*Skiles & Skiles,* for appellant.

*Wagner, Wagner & Albert, contra.*

Heard before GOSS, C. J., EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

PAINE, J.

The parties in this case are Miss Catherine Ternes, plaintiff and appellee and cross-appellant, and Clara C. Watke, the defendant and appellant. Her husband, Fred B. Watke, was also a defendant.

In the petition filed by the plaintiff she alleged that she secured a judgment October 20, 1934, in the district court for Platte county for $4,651 against the defendant Fred B. Watke; that upon an execution issued thereon certain real estate in Dawson county was sold for $3,000, leaving a balance due upon the original judgment of $1,687.21, with interest at 10 per cent. and costs which amount at the present time to over $2,500. The petition further alleges that on May 26, 1934, defendant Fred B. Watke conveyed certain lands in Butler county to his wife, and gave a chattel mortgage to her upon his cattle, horses, farm machinery, etc., and upon the sale of said personal property paid his wife $1,600 out of the proceeds; that said transfers were made to his wife without adequate consideration, and that said Clara C. Watke, defendant, holds the property only as trustee for her husband and the plaintiff; that in September, 1935, notice of garnishment was served upon defendant Clara C. Watke, in response to which notice she appeared before the court and testified with reference to said property, but she failed and refused to account for said property or any part thereof. Plaintiff asks that defendant Clara C. Watke be required to make a full and complete itemized statement of all moneys, personal and real property, and choses in action received by her from her husband since March 1, 1926, and all personal property be impounded for the payment of the balance due on the plaintiff's judgment. On April 10, 1936, a dismissal of said

cause of action as to defendant Fred B. Watke was filed by the attorneys for the plaintiff. Clara C. Watke, defendant, filed an answer, admitting the judgment of plaintiff, admitting that she received a deed to the land in Butler county from her husband, and praying that plaintiff's petition be dismissed.

On March 18, 1937, the cause of action came on for trial, and the evidence of Fred B. Watke, defendant, and John. M. Cain was taken. The defendant, Mrs. Watke, was not in court, but it was stipulated between the parties that certain evidence taken in the original suit, when she appeared. in the district court for Platte county as garnishee on September 28, 1935, might be considered in evidence, and the same appears in the bill of exceptions as plaintiff's exhibit. No. 8. The evidence of Fred B. Watke, taken September 22, 1934, was introduced as exhibit No. 7 for impeachment purposes. Trial was completed, and the case was taken. under advisement by the district judge.

Thereafter, on June 10, 1937, Clara C. Watke, defendant, filed a motion to dismiss the plaintiff's petition on the ground that the court has no jurisdiction to set aside a conveyance of real estate in Butler county, and that the several. causes of action are improperly joined, and the evidence shows that the defendant had no money or property in her possession at the time the notice of garnishment was served. upon her.

Thereafter, on June 17, 1937, a decree was entered by the district judge, finding that the defendant Clara C. Watke is indebted to the plaintiff for money being held by her on. September 12, 1935, for the use and benefit of Fred B. Watke, in the sum of $500, with interest thereon at 6 per cent. from September 12, 1935, and further finding that the court is without jurisdiction to make any order with reference to the land located in Butler county, and directing that execution should issue. Motion for new trial, filed by the defendant, Clara C. Watke, was overruled.

Among the 14 errors relied upon for reversal, it is set out that the decree is contrary to the evidence; that the

judgment should have been for the defendant; that the court erred in admitting evidence in reference to the land in Dawson county, and also evidence in relation to the land in Butler county, and as to a chattel mortgage given upon personal property; and that the court erred in finding that the defendant Clara C. Watke had in her hands or under her control $500 belonging to Fred B. Watke at the time notice of garnishment was served upon her, and setting out many other errors.

The defendant insists that there was no conflict in the evidence, and that she did not make untrue or evasive answers, and that she had spent much of the money she had received from her husband, and that there was an absence of any evidence to prove that she still had $500 of it on hand, and that the judgment of the court was simply a conjecture.

The plaintiff insists that the evidence clearly shows that the husband conveyed valuable land and personal property to the wife, and that the evidence does not show that he owed her anything at all.

The petition in this case prayed that the real estate transfer be set aside; that the defendant be required to set out a full and complete itemized statement of all moneys and property received from her husband, and that the plaintiff have a judgment against defendant for the value of property conveyed by the husband to the wife since March 1, 1926, and for such other and further relief as equity may require.

Defendant insists that the only possible issue is as to $1,540 turned over to the defendant by her husband during a period of 18 months, and claims that this money not only belonged to the defendant, Clara C. Watke, but was all expended by her for family purposes prior to the garnishment proceedings. We cannot find that the evidence supports this claim.

The plaintiff endeavors to clarify the situation in regard to the pleadings in this case, and claims that the defendant made false answers in the garnishment proceeding, so that

the plaintiff was unable to state definitely what money or property she had, and therefore proceeded in a court of equity for an accounting of everything she had when she was served with a garnishment summons on September 12, 1935, and insists that this procedure is strictly in accord with the holding in *Hargreaves v. Tennis*, 63 Neb. 356, 88 N. W. 486, where the court said on page 359: "Such a suit is in the nature of a creditors' suit, to reach the goods and property of the judgment debtor fraudulently disposed of and enforce the equitable lien upon the goods arising from the garnishment. All equitable rights and charges are enforceable by appropriate proceedings in equity. Although we now have a further statutory remedy by action at law for unsatisfactory answer, the equitable remedy by creditors' bill is not superseded. Maxwell, Code Pleading, 165. * * * As to the last objection, if the facts alleged entitled the plaintiffs to proceed in equity, there was no need of a formal allegation of no remedy at law. *Ball v. Beaumont*, 59 Neb. 631. The old 'jurisdiction clause' is omitted today even in formal chancery pleading. Objection is also made that the court rendered a money judgment against the mortgagee who held the stock. * * * Where the subject of an equitable lien is put out of existence by the defendant, the court, having once obtained jurisdiction of the cause, will give complete relief by way of a money judgment. *Morrissey v. Broomal*, 37 Neb. 766."

The plaintiff followed the provisions of our statute, which provide generally that, if the garnishee appears and answers and his disclosures are not satisfactory to the plaintiff, the plaintiff may proceed against him in an action by filing a petition in his own name, and causing a summons to be issued upon it; and thereupon such proceedings may be had as in other actions, and judgment may be rendered for the plaintiff for the amount of the property of the defendant which is in the possession of the garnishee, and for what shall appear to be owing by him to the defendant, and for the costs. Comp. St. 1929, sec. 20-1030.

We have held: "In a creditor's suit to set aside a convey-

ance by a debtor to his wife alleged to have been made in consideration of money turned over by the wife to the husband many years before, the burden is upon the wife to show that the debt is genuine, that her purpose was honest, and that she acted in good faith in obtaining the title." *Waterbury State Bank v. O'Neill,* 129 Neb. 150, 260 N. W. 808.

In this case the plaintiff followed paragraph 2, rule 7-a, of our court, and cross-appealed simply by filing with the clerk of this court, on or before the day originally fixed for the filing of appellant's brief, a præcipe on cross-appeal, and in support of the cross-appeal insists that the evidence of the defendant and her husband clearly shows fraud, and that the trial court found the transactions between them fraudulent, and that the judgment for $500 should be increased to $940 and interest.

We have examined the evidence in this case, but the trial court heard evidence relating to these matters in 1934, 1935, and 1937, and had an advantage over this court in watching the reaction, if any, under cross-examination. We are not inclined to raise the amount of the judgment that the trial court entered. We have examined the errors set out by the defendant. We have reached the conclusion that, under the law and the evidence, the decree and judgment entered are supported by the evidence. We have examined the questioned rulings in regard to the admission of testimony and, while all of these rulings might not have been the same rulings that others might have made, yet in our opinion there is no prejudicial error in the rulings on the admission of evidence, and the decree and judgment of the trial court are

AFFIRMED.