RUDOLPH BLUM, APPELLANT, V. CLARENCE W. TRUELSEN ET
AL., APPELLEES.

297 N. W. 136

FILED MARCH 28, 1941. No. 31025.

*Paul I. Manhart* and *Dewey Hanson,* for appellant.

*William R. Patrick, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE,
CARTER, MESSMORE and YEAGER, JJ.

MESSMORE, J.

In the case of *Blum v. Truelsen,* 136 Neb. 896, 287 N. W.
782, a suit on a promissory note against Clarence W. Truel-
sen and his father, Henry T. Truelsen, for the amount of
$1,150, the jury returned a verdict against the son only,
in the amount of $874. In the opinion this court said: "It
was an open question whether the father signed that note
without consideration, and it was submitted to the jury on
the evidence, under proper instructions, and the jury found
that the son alone was liable on the note. We think we are
bound by that verdict." The opinion then discussed the
amount of the verdict and analyzed a reason therefor, cit-
ing authority from this court to the effect that "When the
jury fail to add interest in the verdict returned, the court
may make the proper computation and include the amount
of the interest in the judgment, without any amendment of
the verdict whatsoever." The court held that the verdict
and judgment were not sustained by the evidence, and re-
versed and remanded the case for further proceedings in
harmony with the opinion.

It is obvious that the verdict of the jury, releasing Henry
T. Truelsen, the father, and the entry of such judgment by
the trial court were not disturbed in the opinion. The

opinion further disclosed to the district court that the proper computation should be made; that is, why the cause was remanded for further proceedings in harmony therewith.

The plaintiff filed a motion for rehearing and brief in support thereof, attacking that part of the holding permitting the jury to release Henry T. Truelsen on the note. The motion for rehearing was denied. The mandate of this court was issued to the district court. The district court on a hearing thereon adjudged that the plaintiff recover from Clarence W. Truelsen the sum of $2,138.40, interest and costs, thus computing the amount of the judgment, as required by the opinion.

While the plaintiff contends that the entire case was reversed, he does not assail the recovery as against the defendant Clarence W. Truelsen. Henry T. Truelsen departed this life, and the plaintiff made application to have the district court revive the action in the name of his executor and heirs. This application was denied; hence this appeal, brought for the purpose to again attack that part of the holding in the opinion of *Blum v. Truelsen, supra,* dismissing defendant Henry T. Truelsen from liability on the note.

The plaintiff in this appeal raises the same propositions that were considered in the motion for rehearing, in attacking that part of the judgment releasing Henry T. Truelsen from liability on the note. This court determined the issue so raised when the motion for rehearing was denied.

"It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become *res judicata* and may not again be litigated in a subsequent action." 30 Am. Jur. 920, sec. 178. In the instant appeal the subject-matter has been fully determined in the opinion in *Blum v. Truelsen, supra,* and by the motion for rehearing therein, and cannot be again litigated.

AFFIRMED.