A. J. HEUSSER, APPELLEE, v. SADIE McATEE ET AL., APPELLANTS.

39 N. W. 2d 802

Filed November 23, 1949.   No. 32665.

J. E. *Willits*, for appellants.

*Stiner, Boslaugh & Stiner,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

Plaintiff, a general contractor and builder, brought this action upon an open unsettled account to recover the reasonable value of labor and materials furnished defendants at their request for the purpose of constructing, improving, and repairing a house located upon their property. Defendants, in an answer and cross-petition traversed by plaintiff, denied generally and alleged that plaintiff orally agreed to do the work and furnish the materials for a lesser stipulated price. They also alleged that the work had not been done in a satisfactory and workmanlike manner, and that plaintiff and his workmen had appropriated specific articles of property belonging to defendants. They prayed for the recovery of damages and the denial of any recovery by plaintiff.

Upon trial to a jury, plaintiff was awarded a verdict for $589.67, the exact amount claimed by plaintiff to have been the reasonable value of the labor and materials furnished. Thereafter, the trial court added interest upon that amount at 6 percent from November 10, 1946, a date "six months from the date of the last item" of the unsettled account, in conformity with section 45-104, R.

S. 1943, as prayed by plaintiff, and entered judgment upon the verdict for $669.31.

Defendants' motion for new trial was overruled, and they appealed, assigning substantially: (1) That the verdict and judgment were contrary to law and the evidence; (2) that the trial court erred in admitting exhibit 7 over defendants' objections; (3) in computing interest on the verdict and including it in the judgment; and (4) in giving instructions Nos. 2, 3, 4, and 6. We conclude that the assignments should not be sustained.

We first turn to the sufficiency of the evidence to sustain the judgment, and in that regard do not deem it necessary to set out the evidence at length. An examination of the record discloses competent oral evidence adduced in plaintiff's behalf, supported by his labor and material records made at or about the time, together with other exhibits received in evidence, from which it could be reasonably concluded that: The labor was performed and the materials were furnished at the specific request of defendants; that it was performed in a satisfactory and workmanlike manner; and that the reasonable value of the labor and materials furnished was $589.67, as alleged in plaintiff's petition.

On the other hand, the record discloses competent evidence adduced in defendants' behalf from which it could be reasonably concluded that plaintiff had agreed to do the work and furnish the materials for $410, and that the work had not been done in a satisfactory and workmanlike manner, from which defendants suffered damages.

Thus it will be observed that the evidence was directly in conflict upon the primary dispute, that is, upon the amount and method by which plaintiff was to be paid and the quality of the work done.

As an elementary proposition, it is the province of the jury to harmonize the testimony insofar as that is possible, and in case of conflict, to decide the weight to be given the testimony of the various witnesses. Arman v.

Structiform Engineering Co., 147 Neb. 658, 24 N. W. 2d 723.

It is also generally the rule that in a law action where the case is presented to the jury under proper instructions, a verdict based upon conflicting evidence will not be set aside unless clearly wrong. Remmenga v. Selk, 150 Neb. 401, 34 N. W. 2d 757; In re Estate of Renter, 148 Neb. 776, 29 N. W. 2d 466.

In the light of the foregoing, we conclude that the evidence was amply sufficient to sustain the verdict and judgment, and that unless some other assignment has merit, the judgment should be affirmed.

Defendants contended that exhibit 7 was erroneously admitted in rebuttal over objection that it was "incompetent, irrelevant, immaterial and no proper foundation laid." In that regard, plaintiff's charge for putting a cement floor in defendants' basement, as testified by him and verified by his material record, together with itemized statements theretofore rendered defendants and received in evidence, included an item of $28.50 paid by him for 38 sacks of cement. One of the defendants had testified that out of 40 sacks of cement delivered on the job, only 28 had been used, and 12 had been returned for credit. Exhibit 7, given and signed by the manager of the Yost Lumber Company, showed that 40 sacks of cement were delivered to plaintiff upon the particular job April 6, 1946, that only 2 were returned on that same date, and that plaintiff had on April 17, 1946, paid $28.50 for the 38 sacks used.

As foundation for admission of the exhibit, plaintiff testified that he bought the cement from Yost Lumber Company for a basement floor in defendants' house, and that exhibit 7 was the statement which plaintiff received for it. Plaintiff also testified that it included all the cement purchased, and showed a credit for the cement returned; that all the materials were used at the address therein designated, on defendants' job; and that all the

cement not used on that job was returned on the same date as shown by the exhibit.

Exhibit 7, having been received and retained by plaintiff as an account stated, prima facie established his liability to the Yost Lumber Company for the materials furnished by it and used on defendants' premises. Missouri P. Ry. Co. v. Palmer, 55 Neb. 559, 76 N. W. 169. If, as plaintiff contended, he was requested by defendants to purchase the materials for them, and did so, then they would be liable therefor.

Further, it will be noted that the aforesaid testimony of plaintiff and defendants was directly in conflict. Therefore, the exhibit was corroborative of plaintiff's former testimony as tending to support its consistency and reasonableness, and whether or not it was admissible for that purpose rested largely in the discretion of the trial court. As stated in 70 C. J., Witnesses, § 1368, p. 1180: "Considerable latitude must necessarily be allowed in the admission of corroborative evidence; and whether such testimony should be received rests largely in the discretion of the trial court. It is permissible to strengthen a witness' testimony by evidence of matters showing its consistency and reasonableness, and tending to indicate that the facts probably were as stated by the witness, although the evidence does not, in and of itself, tend to establish such facts." See, also, a statement in 1 Elliott, Evidence, § 144, p. 199, of like import, approved in In re Estate of House, 145 Neb. 670, 17 N. W. 2d 883.

The applicable rule is that: " 'Where there is a direct conflict in the evidence of the witnesses relating to a material issue in the case, any collateral fact or circumstance tending in any reasonable degree to establish the probability or improbability of the fact in issue is relevant evidence and proper for the consideration of the jury.' Shepherd v. Lincoln Traction Co., 79 Neb. 834." Bowers v. Pixley, 111 Neb. 698, 197 N. W. 410. See, also, Falkinburg v. Prudential Ins. Co., 132 Neb. 831, 273 N. W. 478. We conclude that the admission of exhibit

7 by the trial court was not prejudicially erroneous.

Plaintiff's petition alleged that the fair and reasonable value of the labor and materials furnished was $589.67, and attached thereto was an itemized statement showing that the last item was furnished on or before May 10, 1946. There was no dispute about when the labor and materials were furnished. Concededly, the last item was furnished before May 10, 1946. The prayer of plaintiff's petition was for judgment against defendants for $589.67, with interest at 6 percent from November 10, 1946.

The jury was instructed, in effect, that if it found for plaintiff on his cause of action, to allow him the reasonable value of the labor and materials which it found he had furnished defendants. It was not instructed to compute or add any interest in arriving at the amount of the verdict. Thus, as will be readily observed, the jury awarded plaintiff $589.67 upon the unsettled account, which was for the full amount in every respect allegedly due him for the labor and materials furnished, without adding any interest. In the instant case, the verdict responded directly to the issues in the case and fully conformed to the instructions of the court.

Section 45-104, R. S. 1943, specifically provides in part: "Unsettled accounts between parties shall bear interest after six months from the date of the last item thereof." Since the date of the last item was without dispute on or before May 10, 1946, plaintiff was without question entitled to recover interest at 6 percent from November 10, 1946, as provided in the foregoing statute.

In Calnon v. Fidelity-Phenix Fire Ins. Co., 114 Neb. 194, 206 N. W. 765, this court held: "Where, from the verdict and the pleadings, as in this case, it appears that, if plaintiff is entitled to recover at all he is entitled to recover interest, the court should make the computation and cover the amount of interest in the judgment."

In Swygert v. Platte Valley Public Power and Irrigation Dist., 133 Neb. 194, 274 N. W. 492, citing Calnon

v. Fidelity-Phenix Fire Ins. Co., *supra,* this court said: "Where the law requires interest not included in a verdict, the court may make the computation and include the amount in the judgment."

In Blum v. Truelsen, 136 Neb. 896, 287 N. W. 782, followed in 139 Neb. 282, 297 N. W. 136, it was said: "This court has held that, when the jury fail to add interest in the verdict returned, the court may make the proper computation and include the amount of the interest in the judgment, without any amendment of the verdict whatsoever."

Also, in Bank of Axtell v. Johnson, 125 Neb. 154, 249 N. W. 302, this court held: "The trial court should either amend the verdict or calculate interest and cover the amount thereof in the judgment, where it appears from the pleadings and verdict that plaintiff is entitled to interest and the jury have omitted it from their verdict."

We conclude that the trial court did not err in computing and adding interest to the verdict in entering its judgment.

An examination of instruction No. 2 discloses that it related primarily to plaintiff's alleged cause of action and the burden imposed upon him to prove three certain defined elements before he could recover. The instruction did not place any burden of proof upon defendants except with relation to the affirmative contractual plea in avoidance of plaintiff's cause of action set forth in their answer and denied by plaintiff. As hereinafter observed, the burden in that matter was imposed by law upon defendants. The instruction was not prejudicially erroneous.

Instruction No. 3 related to the cause of action alleged in defendants' cross-petition, praying for damages from plaintiff, which plaintiff had traversed by general denial. In that connection, instruction No. 3 told the jury in effect that the burden of proof was upon defendants to establish two certain designated material allegations of

their cross-petition before they could recover damages from plaintiff. The instruction was not prejudicially erroneous.

In Citizens National Bank v. Rawley, 131 Neb. 10, 267 N. W. 151, it was held: "Where a defendant pleads a set-off or counter-claim, as in this case, which is denied, the burden of proving it is upon him."

In Fitzsimmons v. Gilmore, 134 Neb. 200, 278 N. W. 262, this court approved the statement that: "'Where a defendant pleads an affirmative defense or sets up in his answer facts in avoidance, the burden of proof is upon him. So, too, the burden of proving allegations in a cross-bill necessary to entitle defendant to affirmative relief rests upon him to the same extent as if he had brought an original action.' 22 C. J. 74." The foregoing rule must be read in connection with the distinction made in Umberger v. Sankey, ante p. 488, 38 N. W. 2d 21. See, also, 20 Am. Jur., Evidence, § 137, p. 142; 31 C. J. S., Evidence, § 104, p. 713.

In that connection, instruction No. 4 was simply an elaboration or clarification of instructions Nos. 2 and 3, and when considered therewith, together with all the other instructions, as we are required to do, instruction No. 4 did not in any manner erroneously place a burden of proof upon defendants prejudicial to their rights.

Instruction No. 6 related to defendants' allegations that plaintiff and his workmen appropriated three designated items of the total value of $17.92, property of defendants. The instruction in effect told the jury to disregard those items because there was no competent evidence in the record to sustain the allegation. With that in mind, we have examined the record and find no competent evidence that plaintiff took the items or any of them, or knew that any of his employees took them, or that plaintiff expressly or impliedly authorized any of his employees to take them, or that it was done within the scope of their employment or that such acts, if committed, were subsequently ratified by plaintiff.

In that connection, the general rule is that: "For all acts done by a servant in obedience to the express orders or directions of the master, or in the execution of the master's business, within the scope of his employment, and for acts in any sense warranted by the express or implied authority conferred upon him, considering the nature of the services required, the instructions given, and the circumstances under which the act is done, the master is responsible; for acts which are not within these conditions the servant alone is responsible." Dafoe v. Grantski, 143 Neb. 344, 9 N. W. 2d 488.

As aptly stated in 39 C. J., Master and Servant, § 1489, p. 1294: "But it is well settled that the master is not liable in damages for criminal acts of the servant not within the scope of his employment, and not authorized or sanctioned by him, such as larceny, * * * unless the criminal act is subsequently ratified by the master." See, also, 57 C. J. S., Master and Servant, § 573, p. 322. The same rule applies to conversion. 39 C. J., Master and Servant, § 1497, p. 1299; 57 C. J. S., Master and Servant, § 575, p. 332. Cases cited in the notes supporting the foregoing statements and conclusions are too numerous to cite herein. We conclude that instruction No. 6 was not prejudicially erroneous.

We find no error in the record prejudicial to defendants, and for the reasons heretofore stated, conclude that the judgment should be and it hereby is affirmed.

AFFIRMED.