PATRICIA BAILEY, APPELLEE, v. RUTH WILLIAMS, APPELLANT.
203 N. W. 2d 454

Filed January 12, 1973. No. 38531.

David A. Johnson, for appellant.

Martin A. Cannon of Matthews, Kelley, Cannon & Carpenter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This is an appeal in an action for malpractice. At the first trial the jury was unable to agree. The trial court declared a mistrial and ordered a new trial. The defendant appeals from the order overruling her motion for judgment in accordance with her motion for a directed verdict made at the close of the evidence and granting a new trial. Appellate review of such an order is authorized by section 25-1315.03, R. R. S. 1943, although no verdict was returned. In re Estate of Fehrenkamp, 154 Neb. 488, 48 N. W. 2d 421.

The plaintiff is 43 years of age. The defendant is a licensed physician who was practicing medicine in Omaha, Nebraska, in 1968. On Friday or Saturday, July 12 or 13, 1968, the plaintiff telephoned the defendant and stated that she had "severe pain" under her stomach. The defendant said it was "flu" and prescribed Darvon and Lomotil. On Tuesday, July 16, 1968, the plaintiff was feeling worse and called at the defendant's office. The defendant took a brief history and again prescribed drugs to alleviate the symptoms. There is a dispute as to whether the defendant made an examination of the plaintiff's abdomen at that time.

On Wednesday, July 17, 1968, the plaintiff again

called the defendant's office but did not reach her until about 11 a.m. In the meantime the plaintiff had taken an enema. The defendant told the plaintiff she would send out some suppositories and a stronger prescription. At noon the plaintiff was taken to the hospital by her brother. At the hospital she was examined by an intern and another physician and a tentative diagnosis of a perforated bowel was made. An operation performed that afternoon disclosed a ruptured appendix.

The only issue here is whether the evidence presented a question for the jury. In determining the issue the evidence must be considered most favorably to the plaintiff, every controverted fact must be resolved in her favor, and she is to have the benefit of every inference that can reasonably be drawn from the evidence.

The petition alleged that the defendant was negligent in failing to make a reasonable physical examination of the plaintiff; in failing to make a correct diagnosis of the plaintiff's illness; and in failing to give proper treatment after having undertaken the care of the plaintiff.

A physician is required to exercise the care, skill, and diligence that physicians and surgeons in the same neighborhood and similar communities, engaged in the same or similar lines of work, would ordinarily exercise and devote to the benefit of their patients. Meyer v. Moell, 186 Neb. 397, 183 N. W. 2d 480. A physician is required to use reasonable skill and care in diagnosing the condition of a patient. In re Estate of Johnson, 145 Neb. 333, 16 N. W. 2d 504. Malpractice may consist of a lack of skill or care in making the diagnosis as well as in the treatment of the ailment. Mangiameli v. Ariano, 126 Neb. 629, 253 N. W. 871.

The evidence established that a physician exercising ordinary skill and diligence would have obtained an adequate history from the patient and performed a

proper examination. The evidence was in conflict as to whether these requirements had been performed and also presented an issue of proximate cause. Since these were questions for the jury, it is unnecessary to consider the record further at this time.

The judgment of the district court ordering a new trial is affirmed.

AFFIRMED.