EDITH EDQUIST, APPELLEE AND CROSS-APPELLANT, V. COMMERCIAL SAVINGS AND LOAN ASSOCIATION, APPELLANT AND CROSS-APPELLEE.

217 N. W. 2d 82

Filed April 11, 1974. No. 39241.

Haney, Wintroub & Haney, for appellant.

Yost, Schafersman, Yost & Lamme, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and WHITE, District Judge.

CLINTON, J.

The plaintiff brought this action against the defendant savings and loan association to recover the sum of $9,666.72 withdrawn from her savings account when the association honored six withdrawal slips on which the plaintiff's signature had been forged by her son. Insofar as issues on appeal are concerned, the association defended on the basis of an allegation in its answer: ". . . that any damages sustained by the Plaintiff were not to the extent alleged in Plaintiff's Petition for the reason that a substantial portion of the funds allegedly withdrawn by Plaintiff's son was either delivered to the Plaintiff or used for the support and maintenance of the Plaintiff and consequently the Plaintiff has received the benefits thereof."

The trial court directed a verdict for the plaintiff on the issue of liability and submitted to the jury only the assessment of the amount of damage, thus in effect submitting to the jury the question of whether and to what extent the plaintiff received the benefit of the withdrawals as alleged in the answer. The jury rendered a verdict for the plaintiff in the amount of $8,466.72, thus in effect finding that the plaintiff had benefited by the withdrawals in the sum of $1,200.

Because of issues raised on the appeal, it is necessary to set forth a partial summary of the procedure in the trial court. The court entered judgment on the verdict on June 26, 1973, the day it was returned. On June 28, 1973, the plaintiff filed a motion for judgment in the amount of $9,666.72, notwithstanding the verdict and for allowance of prejudgment interest in the amount of $3,249.54. On July 9, 1973, the trial judge granted

the motion for allowance of interest and entered an order as follows: "The Court now finds that the judgment of plaintiff with interest calculated, is now in the sum of $2,978.27, and judgment for said amount is now entered in favor of the Plaintiff and against the Defendant. Said judgment in the total sum of $11,444.99." The interest was calculated by the trial court on a principal amount of $8,466.72 and at the rate that amount would have earned had it remained on deposit.

On July 23, 1973, the association filed a motion for a new trial on the issue of allowance of prejudgment interest and on the same date the motion was overruled as was the plaintiff's motion for judgment notwithstanding the verdict. The association timely filed a notice of appeal as follows: ". . . intends to prosecute an appeal to the Supreme Court from the order of July 9, 1973 sustaining Plaintiff's motion for an addition of interest to judgment, and the order of July 23, 1973 overruling this Defendant's motion for a new trial on the question of addition of interest to judgment."

In this court the association assigns as error the allowance of prejudgment interest and supports the assignment by the argument that the plaintiff's claim was for an unliquidated amount and therefore prejudgment interest was not allowable. The plaintiff, in accordance with Rules 1 d and 8 b 3, Revised Rules of the Supreme Court, 1971, has perfected a cross-appeal, assigning as error (1) the denials of her motion for a directed verdict in the amount of $9,666.72 and her subsequent motion for judgment notwithstanding the verdict, and (2) that since the principal amount is less than the plaintiff was entitled to, the amount of prejudgment interest allowed is incorrect. She claims the interest should have been allowed at 6 percent under the provisions of section 45-104, R. R. S. 1943, rather than at the lesser rate provided by the deposit contract.

The association contends that the issues raised by

the plaintiff on her cross-appeal are not properly before this court because the association appealed only from the order allowing interest and not from the judgment on the verdict. It in effect asserts that perfection of a cross-appeal under the previously mentioned rules of this court is proper only where the cross-appeal relates to the same order concerning which the association has taken its appeal. Stated in another form, it argues that the judgment on the verdict and the allowance of interest are separate judgments and the plaintiff would have had to timely take steps to perfect a direct appeal from the orders about which she complains in order to bring those matters before this court.

We determine the issues adversely to the contentions of the association and reverse in part and remand the cause with directions.

The association's position on the cross-appeal issue would be arguable if there existed two separate judgments. See, Parish Bank & Trust Co. v. Uptown Sales & Service Co., Inc., 300 Ill. App. 73, 20 N. E. 2d 634; Robbins v. Campbell, 65 Ill. App. 2d 478, 213 N. E. 2d 641; Kinney v. White, 215 Ala. 247, 110 S. 394; 4 C. J. S., Appeal & Error, § 35, p. 140. A party may not cross-appeal if he has no interest in the judgment upon which the appellant appeals. County of Lancaster v. Schwarz, 152 Neb. 15, 39 N. W. 2d 921.

When the court entered the order on July 9, 1973, it was in effect merely amending the judgment. This it had the power and duty to do if, as a matter of law, the plaintiff was entitled to interest.

In Heusser v. McAtee, 151 Neb. 828, 39 N. W. 2d 802, we said: "In Calnon v. Fidelity-Phenix Fire Ins. Co., 114 Neb. 194, 206 N. W. 765, this court held: 'Where, from the verdict and the pleadings, as in this case, it appears that, if plaintiff is entitled to recover at all he is entitled to recover interest, the court should make

the computation and cover the amount of interest in the judgment.'

"In Swygert v. Platte Valley Public Power and Irrigation Dist., 133 Neb. 194, 274 N. W. 492, citing Calnon v. Fidelity-Phenix Fire Ins. Co., supra, this court said: 'Where the law requires interest not included in a verdict, the court may make the computation and include the amount in the judgment.'

"In Blum v. Truelsen, 136 Neb. 896, 287 N. W. 782, followed in 139 Neb. 282, 297 N. W. 136, it was said: 'This court has held that, when the jury fail to add interest in the verdict returned, the court may make the proper computation and include the amount of the interest in the judgment, without any amendment of the verdict whatsoever.'

"Also, in Bank of Axtell v. Johnson, 125 Neb. 154, 249 N. W. 302, this court held: 'The trial court should either amend the verdict or calculate interest and cover the amount thereof in the judgment, where it appears from the pleadings and verdict that plaintiff is entitled to interest and the jury have omitted it from their verdict.' "

The association argues that an order denying a motion for a judgment notwithstanding the verdict is not an appealable order. It relies upon the provisions of section 25-1315.03, R. R. S. 1943, and contends that that statute authorizes an appeal only from (1) an order granting a new trial, (2) an order denying a new trial, or (3) an order granting a motion for judgment notwithstanding the verdict. It is obvious that this statute defines certain appealable orders. Its definitions, however, are not exclusive. See, § 25-1911, R. R. S. 1943; Krepcik v. Interstate Transit Lines, 153 Neb. 98, 43 N. W. 2d 609. We have at least twice held contrary to the association's position. In re Estate of Fehrenkamp, 154 Neb. 488, 48 N. W. 2d 421; Bailey v. Williams, 189 Neb. 484, 203 N. W. 2d 454; § 25-1315.02, R. R. S. 1943.

An order overruling a motion made after verdict for judgment in conformity with a previously denied request for a directed verdict is an appealable order.

A cross-appeal, as distinguished from the perfection of a direct appeal, exists in this state only by virtue of the previously mentioned rules of this court. There is no statutory authorization for the procedure. See, 4 C. J. S., Appeal & Error, § 35, p. 139; Ternes v. Watke, 134 Neb. 798, 279 N. W. 718. We have several times modified the procedure. See, Rule 7 a 2, Rules of Court, 1938; and Rule 7 d, Revised Rules of the Supreme Court, 1941. In order to perfect a cross-appeal an appellee need comply only with the provisions of Rules 1 d and 8 b 3, Revised Rules of the Supreme Court, 1971. The general language used by us in Gebhart v. Tri-State G. & T. Assn., 181 Neb. 457, 149 N. W. 2d 41, describing the nature of a cross-appeal, has no application to cross-appeals under the above rules. The discussion in that case was related to the statutes governing appeals to the District Court under the eminent domain statutes.

We are accordingly in a position to examine the assignments made in the cross-appeal as well as those raised by the association.

When a bank or savings institution permits the withdrawal of a depositor's funds on the basis of a forged instrument and is found to be liable for the principal amount, the depositor is entitled to interest from the date of the unauthorized withdrawals until the debt is merged in the judgment. Pierce v. Boston Five Cents Savings Bank, 129 Mass. 425, 37 Am. R. 371; Southwest Nat. Bank of Dallas v. Underwood (Tex. Civ. App.), 295 S. W. 253; Farmers' Nat. Bank of Somerset v. Dodson, 234 Ky. 518, 28 S. W. 2d 777; 9 C. J. S., Banks and Banking, § 356e, p. 758, § 1021, p. 1439; Gibson v. First Nat. Bank of Jefferson City, 213 Mo. App. 63, 245 S. W. 1072. The authorities cited by the association

related to unliquidated claims and have no application.

In connection with the plaintiff's contention that she was entitled to a directed verdict in the amount of $9,666.72 and interest, we have carefully examined the evidence. We conclude that the motion should have been granted. The evidence conclusively supports the plaintiff's position that she did not receive the proceeds of the account or the benefits thereof.\* In every case before the evidence is submitted to the jury, there is a preliminary question for the court to decide, when properly raised, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it upon whom the burden of proof is imposed. Thomas v. Owens, 169 Neb. 369, 99 N. W. 2d 605.

We need not decide whether interest should be computed at the legal rate of 6 percent rather than the rate provided for by the deposit contract, because no such claim was made in the trial court. We will not decide an issue raised for the first time in this court.

The judgment is reversed in part and the cause is remanded with directions to enter judgment for the sum of $9,666.72, together with interest to the date of the verdict on the principal amount at the contract rates.

REVERSED IN PART AND REMANDED WITH DIRECTIONS.

---

\*We do not need to pass upon the question of whether and to what extent the matter plead in the answer did afford a legal defense because the plaintiff raised no issue on that question.